**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1984
_____

UNITED STATES OF AMERICA

v.

CARL F. CHRISTOPHER;
CEDELLE CHRISTOPHER,

Appellants
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 1-99-cv-00196)
District Judge: Hon. Wilma A. Lewis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

BEFORE: FISHER, COWEN AND NYGAARD, Circuit Judges

(Filed: January 10, 2014)

_____

OPINION
_____

COWEN, Circuit Judge.

The defendant-appellants, Carl F. Christopher and Cedelle Christopher (together, "the Christophers"), appeal the grant of summary judgment against them and in favor of the plaintiff-appellee, the United States of America ("the Government"). We will affirm. Because we write primarily for the parties, we here provide only a brief recitation of the pertinent facts and procedural history.[1]

In 1981, the Government loaned the Christophers $37,450 ("the Loan") pursuant to Title V of the Housing Act of 1949 ("Title V"), 42 U.S.C. § 1471 *et seq.*[2] The Loan was secured by a promissory note ("the Note") and a mortgage ("the Mortgage"), which encumbered property owned by the Christophers ("the Property"). In May of 1990, the Christophers and the Government executed a "Reamortization and/or Deferral Agreement" for the then-unpaid balance of the Loan ("the Agreement").

The Government filed a complaint against the Christophers in 1999, raising claims for both breach of the note and foreclosure on the Property. It sought summary judgment in its favor in September of 2011,[3] and represented that the Christophers stopped making

---

[1] A comprehensive account of the facts underlying this appeal appears in *United States v. Christopher*, No. 1999-196, 2012 WL 2062360, at *1-3 (D.V.I. June 8, 2012).

[2] Title V permitted the Government "to extend financial and technical assistance through the Farmers Home Administration (FmHA) to low-income rural residents who [sought] to obtain housing." *Block v. Neal*, 460 U.S. 289, 290 (1983).

[3] That action was stayed from April of 2000 until September of 2008, and again from November of 2008 until February of 2010, pending resolution of a class action brought against the Secretary of Agriculture by Virgin Islanders who alleged "national origin discrimination in [the] administration of federal rural housing loan programs and monies." *Chiang v. Schafer*, No. 2000-04, 2008 WL 3925260, at *1 (D.V.I. Aug. 20, 2008). That suit was ultimately dismissed, and the dismissal upheld on appeal. *See generally V.I. Class Plaintiffs v. Vilsack*, 362 F. App'x 252, 252-54 (3d Cir. 2010).

payments on the Note and fell into default in August of 1997. It also represented that, as of September 7, 2011, the Christophers owed the Government $163,217.77. Interest continued to accrue.

The Christophers opposed the Government's motion, arguing that three genuine issues of material fact precluded a grant of summary judgment. Specifically, they argued that the parties disputed: (1) whether the Government fairly treated the Christophers and serviced their loan; (2) how much money, if any, the Christophers owed the Government; and (3) whether the Christophers' debt was discharged pursuant to settlement of their claim in *Pigford v. Glickman*, D.D.C. Nos. 97-1978 & 98-1693.[4] Each argument was considered and rejected by the District Court. *See Christopher*, 2012 WL 2062360, at *5-7. The District Court also independently concluded that the Government established that it was entitled to judgment as a matter of law. *See id.* at *4.[5]

"We exercise plenary review over a district court's grant of summary judgment, applying the same standard that the district court should have applied." *Klein v. Weidner*, 729 F.3d 280, 283 (3d Cir. 2013). A grant of summary judgment is appropriate where the movant establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

---

[4] *Pigford* was a class action brought against the Secretary of Agriculture by African-American who alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691. *See, e.g.*, *Pigford v. Glickman*, 206 F.3d 1212, 1213-16 (D.C. Cir. 2000).

[5] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612 and 28 U.S.C. § 1345. We have jurisdiction pursuant to 28 U.S.C. § 1291.

For the same reasons stated in the District Court's thorough and well-reasoned opinion, we find that the Christophers have not established a genuine dispute of material fact and conclude that that the Government is entitled to judgment as a matter of law. We will, therefore, affirm the June 8, 2012 order of the District Court, which granted the Government's motion for summary judgment.